**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WALTER ABREGO BARRERA, | ) | |
| Petitioner, | ) | |
| v. | ) | 3:26-cv-1904 |
| LEONARD ODDO, *et al.*, | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND TEMPORARY RESTRAINING ORDER**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus and Motion for a Temporary Restraining Order. (ECF Nos. 1; 2). Petitioner, a citizen of El Salvador, is currently being detained at Moshannon Valley Processing Center. (ECF No. 1, at 3). Petitioner entered the United States without inspection in or around May of 2016. (*Id*. at 2). On September 17, 2026, the Petitioner was stopped and later detained by Pennsylvania State Police ("PSP") and the Immigration and Customs Enforcement Agency ("ICE"). (*Id*.). The Petitioner received a bond hearing on September 25, 2026, and was denied bond due to a flight risk determination. (ECF No. 13, at 5). He was scheduled to receive a second bond hearing on October 8, 2026, but said bond hearing was canceled for unknown reasons. (ECF No. 13). The Petitioner had until October 26, 2026 to appeal the denial of bond but chose not to appeal the decision. (*Id.*, at 6). The Petitioner's Petition for Habeas Corpus was filed on September 26, 2026, but was assigned to this Court on September 30, 2026. (ECF Nos. 1; 4). A Show Cause order was directed to Respondents on October 5, 2025. The Respondents filed a Response on October 19, 2026, and the Petitioner filed a Reply on October 27, 2026.

## I. Background

In his Petition for Habeas Corpus, the Petitioner argues that the Respondents (1) violated the Fourth Amendment by profiling the Petitioner leading to his detention; (2) violated the Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), and the Petitioner's Due Process Rights by not giving the Petitioner an individualized assessment of circumstances prior to detention; and (3) unlawfully detained the Petitioner pursuant to 1225(b)(2). (ECF No. 1). The Petitioner also asserts that the bond hearing he received was deficient and that he is not receiving proper medical attention for his diabetes. (ECF No. 1, at 16 (bond); 16 (diabetes)).

Specifically at issue are the circumstances surrounding the Petitioner's detention on September 17, 2026. On September 17, 2026, the Petitioner was stopped by PSP due to carrying an oversized load in his truck in violation of Pennsylvania traffic ordinances. (ECF No. 13, at 4). Upon stopping the Petitioner, the PSP, who are 28 U.S.C. § 287(g) partners with ICE,[1] ran the Petitioner's ID, noticed similarities between the Petitioner and a Mexican national with an outstanding warrant, and then contacted ICE to determine if the Petitioner was the individual with an active warrant. (ECF No. 13, at 2-3). The search revealed that the Petitioner was not said Mexican national, but that the Petitioner lacked legal authority to be in the United States (*Id.* at 4). The Petitioner was then detained by PSP and brought to ICE custody due to the arresting officers' belief that there was a strong likelihood of the Petitioner absconding before a warrant could be issued since Petitioner lacked any ties to the state of Pennsylvania. (*Id.* at 2).

[1] For more information on The Immigration and Nationality Act ("INA") Section 287(g), see ECF No. 13, at 3-4.

In other words, the Petitioner is essentially arguing that "the initial [traffic] stop was legal, the request for ID was legal, but the decision to engage in a 287(g) operation" was unconstitutional profiling. (ECF Nos. 1, at 18 (profiling); 16, at 12 (traffic stop)). Further, that upon detention, the detaining officers did not perform an individualized custody assessment in violation of the Petitioner's statutory and constitutional rights. (*See generally* ECF No. 1).

The Petitioner primarily relies on *Catagna Vega* v. *Jamison* to support his claims. No. 26-CV-7418, 2026 WL 3027032 (E.D. Pa. Oct. 8, 2026). In *Catagna Vega*, the court held that the petitioner's arrest occurred without legal authority because the petitioner had not been arrested pursuant to a warrant, ICE lacked probable cause to arrest or detain the petitioner, and because ICE lacked facts to suggest that the *Catagna Vega* petitioner would flee before a warrant could be obtained. (*Id*., at *3-*4; *see generally* 8 U.S.C. § 1226(a); 8 U.S.C. § 1357(a)). Ultimately, the court granted the petitioner's Petition for Writ of Habeas Corpus and ordered the petitioner's immediate release due to finding that the petitioner had been detained in violation of the INA and the Constitution, and that the clear constitutional violation made administrative exhaustion requirements and further bond proceedings "futile." (*Id.*, at *2 (exhaustion); *5 (relief)).

## II. Analysis

As a threshold matter, in his Reply, the Petitioner conceded that he was being detained pursuant to § 1226(a), not § 1225; therefore, this Court treats such claim and causes of action deriving from § 1225 as moot. (ECF No. 16, at 5). The Petitioner also did not develop his assertion that the bond hearing he received was deficient beyond simply asserting that it was deficient; therefore, such contention is forfeited. (ECF No. 1, at 16 (bond)); *see generally Kohl v. Lehlback*, 160 U.S. 293 (1895) (describing minimum pleading standards). Lastly, the Petitioner clarified in his Reply that his arguments related to his medical condition were presented as supporting

evidence for why the Petitioner should be released from detention. (ECF No. 16, at 14-15). Since the Petitioner did not request that this Court order the Respondent to give the Petitioner specific medical treatments, this Court does not analyze or consider whether the Petition is entitled to any such relief.

**A. Profiling**

This Court acknowledges that it may lack jurisdiction to consider the Petitioner's profiling claims. *See generally Khalil v. Trump*, 164 F.4th 259 (3d Cir. 2026) (holding allegations that the Government profiled petitioner were not reviewable by district court in habeas action due to availability of relief before the Board of Immigration Appeals). However, even if the Petitioner's profiling claims are properly before this Court, the Court can not conclude that Petitioner was profiled in violation of the Fourth Amendment to the Constitution.

The Petitioner argues that he was stopped and detained due to racial profiling and that therefore his statutory and constitutional rights were infringed such that he should be released. (*See generally* ECF Nos. 1, at 16-18). This claim that the Petitioner was stopped solely due to racial profiling is however internally inconsistent with the Petitioner's own filings. All parties agree that unlike in *Catagna Vega*, the PSP had the constitutional authority to stop the Petitioner and request his ID because the Petitioner had in fact violated a Pennsylvania traffic ordinance. (*See* ECF No. 16, at 12 (Petitioner); 13, at 2 (Respondents)). Unlike in this instance where to it uncontested that the Petitioner was stopped due to violating Pennsylvania law, all other citations the Petitioner offers to support this profiling claim are not applicable since they involve officers stopping cars solely due to seeing that occupants appeared to be of Mexican ancestry. (ECF No. 1, at 18 (citing to *United States v. Brignoni-Ponce*, 422 U.S. 873 (1975)). After lawfully stopping the Petitioner and running his ID, PSP only detained the Petitioner and transferred him into ICE custody after

learning that the Petitioner was unlawfully in the United State and determining that there was a likelihood of the Petitioner escaping before a warrant could be procured. (*See* INA, § 287(g); ECF No. 13, at 2-3). Therefore, based upon the information solely before the Court, this Court cannot conclude that the Petitioner was profiled in violation of the Fourth Amendment.

**B. Individualized Custody Determination**

In Petitioner's Petition and Reply he argues that he was denied an individualized custody determination at the time of his arrest as required by 8 C.F.R. § 236.1(c)(8), thus denying him Due Process and violating the INA and APA. (ECF No. 1). Petitioner also claims that the September 17, 2026 custody determination hearing and the bond hearing held on September 25, 2026 did not remedy the Due Process violation he suffered upon arrest. (ECF Nos. 1 (Petitioner claims); 13-4 (Custody Determination); 13-1 (Bond Hearing)).

Respondents first argue that the Petitioner did receive an individualized custody determination prior to arrest because he was only brought into ICE custody due to PSP determining that the Petitioner had no ties to Pennsylvania and therefore was a flight risk. (ECF No. 13, at 2-3). Respondents further argue that the Petitioner's continued detention in ICE custody has been supported by individualized considerations. *See* ECF Nos. 13-2 (Notice to Appear); 13-3 (Warrant); 13-4 (Notice of Custody Determination).

At the outset, the Court notes that it would appear that PSP did comply with 8 C.F.R. § 236.1(c)(8) by detaining the Petitioner because the Petitioner did not prove that he did not pose a flight risk. (ECF No. 13-2). But even if there was a reviewable error committed by the PSP in that

respect, the error was remedied by the bond hearing held on September 25, 2026, which the Petitioner does not argue was constitutionally inadequate. (ECF No. 13, at 2-3).[2]

Petitioner is detained under 8 U.S.C. § 1226(a). (ECF No. 16, at 5). Under that statute and its implementing regulations he is entitled to an individualized initial custody determination and an individualized bond hearing. *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287 (3d Cir. 2026). The record reflects that he received an individualized custody determination when arrested and that he received individualized process at his bond hearing on September 25, 2026. (ECF No. 13, at 2-3). Petitioner has been provided the process he is entitled to. *See Guirguis v. Blanche*, No. 3:26-cv-01548, at ECF No. 19 (W.D. Pa. Sept. 16, 2026).

AND NOW, this fourth day of November 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order, (ECF Nos. 1-2), is DENIED WITHOUT PREJUDICE.

The Clerk will close the case on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

/s/ Mark R. Hornak
UNITED STATES DISTRICT JUDGE

Dated: November 4, 2026

[2] A district court is limited to reviewing "the adequacy of process" the petitioner received at his bond hearing and cannot second guess "any discretionary determinations underlying the IJ's bond decision[.]" *Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) (unreported). A bond hearing complies with Due Process when "[a]n alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) [is] allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his or her interests." *Id.* (quoting *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001)).